### Charley Stephens v. The State.

No. 3230.　Decided June 26, 1906.

**1.—Local Option—Indictment—Different Elections.**

On a trial for a violation of the local option law where the evidence showed that an interregnum of more than two years had elapsed between two local option elections, and the first election was never put into operation, there was no error that the indictment did not allege which particular election was relied on; nor of admitting the records connected with said two elections, as it would be immaterial which was a valid election as far as defendant was concerned; the last election being a valid one.

**2.—Same—Sale—Charge of Court.**

Where upon a trial for a violation of the local option law there was no question that the sale was made, a charge defining the term sale was unnecessary.

Appeal from the County Court of Johnson. Tried below before the Hon. J. D. Goldsmith.

Appeal from a conviction of a violation of the local option law: penalty, a fine of $30 and thirty days confinement in the county jail.

The opinion states the case.

*Odell, Phillips & Johnson* and *W. B. Featherston,* for appellant.— On question of indictment: Rice v. State, 37 Texas Crim. Rep., 36; McAfee v. State, 38 id., 124. On question of admitting evidence of election records: Guajardo v. State, 24 Texas Crim. App., 603; Felsenthal v. State, 30 id., 675; Geibel v. State, 28 id., 151.

Howard Martin, Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $30 and thirty days confinement in the county jail.

Appellant complains that the State was permitted to introduce the proceedings of two local option elections, one held in the year 1901, and the other in 1904. The grounds of objection are that the indictment did not properly allege which particular election would be relied on, and because two years had not elapsed between said elections. Neither of these grounds of objection is well taken. We have heretofore held that the election of 1901 was never put into operation by proper publication. Griffin v. State, 13 Texas Ct. Rep., 97. An interregnum of more than two years between the elections elapsed as shown by this record. Therefore the court did not err in admitting the records connected with said two elections. So far as appellant was concerned it would be immaterial which was a valid election. Unquestionably the last election was a valid election and was properly put into operation.

Appellant also complains that the court did not properly define the term sale. There was no particular necessity for the court to define the term sale in the charge, as there is no question from the evidence that the sale was made.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.