## Lee Trinkle v. The State.

### No. 647. Decided November 2, 1910.

**1.—Local Option—Grand Jury—Deputy Sheriff.**

A deputy sheriff is not disqualified from sitting on the grand jury, and the indictment can not be quashed on that account.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the convection, although the credibility of the State's witness was attacked strongly by the defendant's testimony, the same will not be disturbed.

**3.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, the bills of exception failed to disclose the object and purpose of the rejected testimony, or what the answers of the witness would have been, the same can not be considered.

**4.—Same—Charge of Court—Singling out Testimony—Credibility of Witness.**

Upon trial of a violation of the local option law there was no error in the court's refusal to submit a special instruction singling out testimony as to the credibility of a State's witness and directing the jury to acquit the defendant if they had a reasonable doubt whether said witness had been successfully impeached.

**5.—Same—Charge of Court—Sale, Definition of.**

Where, upon trial of a violation of the local option law, there was no question as to the manner of the alleged sale of the alleged liquor—the State affirming a sale, and the defendant denying it—there was no error in the court's refusal of defendant's special instruction defining a sale.

**6.—Same—Accomplice—Immunity of Witness.**

The purchaser of intoxicating liquor is not an accomplice to the person who sells it to him.

**7.—Same—Charge of Court—Reasonable Doubt.**

Where the court, in his main charge, submitted reasonable doubt, there was no error in the court's refusal of special instructions thereon.

**8.—Same—Local Option in Force—Charge of Court.**

Where there was no issue made on the question of proof as to whether local option was in force, there was no reversible error in the court's charge thereon; although unnecessary.

Appeal from the County Court of Upshur. Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*M. B. Briggs* and *Warren & Briggs* and *J. P. Hart,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Under an indictment returned in the District Court of Upshur County, charging the appellant with making a sale of liquor in violation of the local option law, the indictment being

transferred to the County Court, upon trial, appellant was convicted and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

Motion was made in the court below to quash the indictment because C. A. Green was a member of the grand jury and the foreman thereof, which returned this bill, and who was at that time a duly qualified deputy sheriff of said Upshur County. This precise question was before us in the case of Roscoe Trinkle v. State, decided at the last term of the court, in which we held adversely to appellant's contention on this proposition.

Frank Teefteller, the party to whom the indictment alleged the whisky to have been sold by appellant, testified that he lived in Gilmer, Upshur County, and that he went to the town of Big Sandy, in said county, about January 15, 1909, and went into a house in said town and purchased from the appellant a pint of whisky, for which he paid seventy-five cents; that the only one present with him was his brother, Joe Teefteller. Joe Teefteller took the stand and testified that he was present and saw his brother purchase a flask of whisky from the appellant and that his brother paid seventy-five cents for it. These witnesses were placed under a very severe cross-examination and we must admit that the appellant developed testimony that was not very creditable to these witnesses. Also the appellant placed a number of witnesses on the stand who testified that these State's witnesses were not worthy of credit. The defendant took the stand and testified that he did not sell the prosecuting witness any whisky on the date mentioned or at any other time. The jury were the exclusive judges of the facts proven as well as the credibility of the witnesses. They had the witnesses before them; there was an issue of fact raised by the testimony, and the jury found adversely to appellant's contention, and we would not be authorized to disturb the verdict of the jury whatever may be our own view of the credibility of these witnesses as disclosed in the transcript.

Numerous grounds are made in the motion for new trial as to errors committed by the trial court in the main charge as given and to the refusal of several special charges. Bill of exceptions No. 1 complains that the court refused to permit the defendant to ask the State's witness, Frank Teefteller, if he was not accused of stealing some tools from a Mr. Lockhart. The bill of exceptions fails to disclose the object and purpose of this testimony, nor does it show what the answer of the witness would have been to this question. The bill is without merit.

Bill of exceptions No. 2 was to the refusal of the court to permit appellant to ask the same witness the following question: "Did you testify before the grand jury that you saw Mr. Fry buy whisky from the defendant at the same time you did?" It fails to disclose the object or purpose of this testimony or what his answer would have been.

Bill of exception No. 4 is to the action of the court in refusing to allow the appellant to prove by the witness Jamison that he was express agent for the American Express Company at Gilmer, Texas, and that his express book showed that the witness Frank Teefteller had received through this office whisky several times. This bill is also defective because it fails to state the object and purpose of this testimony.

Bill of exception No. 6 is to the refusal of the court to give in charge to the jury the following: You are charged that "if you find from the evidence that the defendant has successfully impeached the testimony of the State's witnesses, Frank and Joe Teefteller, you will acquit defendant, or if the evidence on the question of impeachment raises in your mind a reasonable doubt as to defendant's guilt you must give the defendant the benefit of such doubt and acquit." Our attention has not been called to any authority that would authorize the court to single out the credibility of a witness and to submit that as an issue to the jury and to direct them that they must find that the witness is credible beyond a reasonable doubt. The court had charged the jury that they were the judges, not only of the evidence, but of the credibility of the witnesses, and if they had a reasonable doubt of the guilt of the appellant they would acquit, and to single out any one feature of the case or any one issue of the case and to direct the jury on that issue is a practice that this court is not willing to follow, and should it obtain, it would result in the singling out of every particular issue or fact in a case and demand of the court a charge thereon. We are of opinion that the court properly refused this charge.

Bill of exception No. 7 is to the action of the court in refusing the following special charge: "Gentlemen of the jury, at the request of defendant I charge you that a sale in law is the legal transfer of property from one person to another for some consideration paid therefor and the burden is on the State to show that a sale was made, and if the State has failed to show a sale was made, as that term is herein defined, you will acquit the defendant, or if you have a reasonable doubt as to same you will give the defendant the benefit of said doubt and acquit him." The court had directed the jury that if they found appellant did make a sale of whisky to the prosecuting witness they would convict. There was no controversy as to whether the whisky was given away or sold, or as to whether the transfer of the whisky was done in such manner as to make it questionable whether there was a sale or not. The State's witness testified that he bought a pint of whisky and paid seventy-five cents for it. The appellant denied that he ever made a sale or delivery of whisky to the witness, or that he ever saw him before. It is only necessary to define a sale when the transfer is made in such manner as that it becomes a question as to whether or not there was a sale. The court did not err in refusing this charge.

Bill of exception No. 9 is to the action of the court in refusing to charge the jury as requested by appellant that the State's witness, Frank Teefteller, was an accomplice and would have to be corroborated. The court did not err in refusing this charge.

The 10th bill of exception is to the refusal of the court to give the special requested instruction asked by the defendant to the effect that the State must make out its case beyond a reasonable doubt. This had already been given by the court in its main charge and it was not necessary to repeat the same.

The 12th bill of exception is to the action of the court in charging the jury that local option was in full force and effect in Upshur County. There was no issue made on this and the proof showing that fact, it was unnecessary for the court to have submitted that issue to the jury.

The 14th bill of exception is in reference to the failure of the court to quash the bill of indictment because Green, a member of the grand jury, was a deputy sheriff. This is without merit.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*