## Nick Bramblett v. The State.

### No. 7458.   Decided April 18, 1923.

**Selling Intoxicating Liquor—Charge of Court—Definition of Sale—Rule Stated.**

If the undisputed proof shows that the transaction, if it occurs at all, was a sale, it is not error to refuse to define the term sale, but where the transfer of the whisky is made in such manner as that it becomes a question as to whether it was a sale, then it is necessary for the court to define that term, and where the court refused the requested charge thereon in the instant case, the same is reversible error. Following Stevens v. State, 50 Texas Crim. Rep., 251, and other cases.

Appeal from the District Court of Coryell. Tried below before the Hon. J. R. McClellan.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. R. Mears* for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.—Cited cases in opinion.

HAWKINS, Judge.—Conviction is for the sale of intoxicating liquor. Punishment is one year in the penitentiary.

Ogden Harris, the alleged purchaser, testified to two transactions relative to whisky with appellant. The first one inquired into failed

to develop a sale and the court withdrew from the consideration of the jury all testimony relative thereto. The testimony of Harris incident to the alleged sale upon which the State elected to prosecute is as follows:

"Q. Mr. Harris, when was that you made that loan, tell the jury the circumstances of that loan, and about where it was. A. I don't remember where it was, it was before May 27th. It has been since Spring, this year. I don't remember just when. Q. Tell the jury about that matter? A. About me lending him five dollars. Well, we were over there on the river close to his house, in Coryell County, Texas, and he wanted to borrow some money from me, and I loaned him five dollars, and I stayed with him some time. I asked Nick if he wouldn't get me some whisky and he said he would. He told me where I could get it and I got it. Nick hasn't never paid me the five dollars back and I never have paid him the quart of whisky back.

### CROSS EXAMINATION.

Q. Mr. Harris, you say you loaned him five dollars? A. Yes sir. I was a merchant at Purmola. He had an account with me. I have sold Nick goods on a credit. When I loaned him the money I set it down on the books. He owes me that five dollars. I expect him to pay it. I did not buy it from him. He did not offer to sell it to me. I did not ever expect to pay him for it. I thought he gave me the whisky, and I asked him for it. He has given me whisky. I went up to his house, or near his house on the river.

### RE-DIRECT EXAMINATION.

Q. For the purpose of refreshing your recollection, didn't that occur in this way. 'I let him have five dollars and he told me where I could find a quart of whisky at a certain place. I did not return the whisky, nor did Nick ever return the money.' A. No sir, that is the way you wrote it in the Grand Jury. Q. Wasn't your recollection just as good then as it is now? A. I told you then you didn't write it as I seen it. I thought it meant what you were striking at. I do not know whether Nick has got that down on his books or not, I never spoke to him about it.

### RE-CROSS EXAMINATION.

I stated I didn't buy it from him and I believed I wasn't paying for it."

The court omitted from his charge any definition of what would constitute a sale. Appellant excepted because of such omission and presented a special charge supplying it, which was refused. The learned trial judge qualifies the bill by stating that the charge given in the instant case was substantially the same as that given in the case of Willie Young v. State. This is quite true, but an examination

of the Young case, 92 Texas Crim. Rep., 277, 243 S. W. Rep., 472, will disclose that the facts are entirely different. The prosecuting witness in the Young case testified that he bought whisky from the defendant and afterwards paid him five dollars in money. No issue was raised in that case as to whether the transaction testified about was a sale. In the instant case it is patent from the testimony of the alleged purchaser that it leaves an issue to be settled by the jury whether, on the one hand, he had loaned money to appellant charging it against him on the mercantile account expecting repayment, and whether appellant had given him the whisky without expected compensation, or, on the other hand, whether the transaction was a camouflage to cover a sale of whisky. The learned trial judge fell into error in not giving to the jury the definition of a sale in order that they might have the benefit thereof in determining the direct issue raised by the testimony.

If the undisputed proof shows that the transaction, if it occurred at all, was a sale, it is not error to refuse to define the term sale, but where the transfer of whisky is made in such a manner as that it becomes a question as to whether it was a sale, then it is necessary for the court to define that term.

Stephens v. State, 50 Texas Crim. Rep., 251, 96 S. W. Rep., 7; Trinkle v. State, 60 Texas Crim. Rep., 187, 131 S. W. Rep., 583.

For the error discussed the judgment must be reversed and the cause remanded.

*Reversed and remanded.*