BRICE FLOYD V. THE STATE.

No. 10033.  Delivered April 7, 1926.

1.—Possessing Intoxicating Liquor — Evidence — Medicinal Purpose — Improperly Excluded.

Where, on a trial for possessing intoxicating liquor, the defense being that it was possessed for medicinal purposes, it was error to exclude the testimony of a witness for appellant, who would have testified as to the physical condition of appellant's wife, and the necessity of her having beer for medicinal purposes, witness not having qualified as a physician.

2.—Same—Continued.

Art. 668 of P. C. 1925 does not require the accused to show that he possessed intoxicating liquor or beer under the advice of a practicing physician, or under the advice of any one else, in order to exempt him from the operation of the statute, and this testimony was erroneously excluded.  Following Horak v. State, 255 S. W. 191.

3.—Same—Evidence—Of Other Offenses—Details—Erroneously Admitted.

Where, upon a trial for possessing intoxicating liquor for the purpose of sale, appellant testifying in his own behalf, was asked on cross-examination concerning a former trial for another similar offense: "Well, you also tried to make the other jury believe it wasn't intoxicating, didn't you?" which appellant answered in the affirmative.  It was not permissible, under the facts in this case, for the state to go into the details of his defense in another and different case.  Following Ware v. State, 36 Tex. Crim. Rep. 597; Stanley v. State, 62 Tex. Crim. Rep. 306.

Appeal from the District Court of Potter County.  Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District

Court of Potter County for the offense of possessing intoxicating liquor for the purpose of sale, and his punishment was assessed at one year in the penitentiary.

The record discloses that the officers found upon the premises of the appellant a quantity of what they call "choc beer" in a keg, which the state contended, and introduced evidence in support thereof, contained about 7% alcohol and was intoxicating, and that appellant was selling same as a beverage. The appellant defended on the ground that he had said beer for medicinal purposes and denied ever having sold any, or that he had same for that purpose. The court properly submitted to the jury a charge on the defensive theory as made and contended by appellant.

There are several bills of exception presented in the record, but after a careful examination of the same we are of the opinion that the only bills necessary for discussion are Nos. 10 and 11.

By bill No. 10 complaint is made to the action of the court in refusing to permit appellant to show by the witness J. F. Bromert that he, the witness, was attending, or had been attending, upon the wife of the appellant and had informed or advised her that he thought beer would be beneficial for her health, on account of her nervous and run-down condition and being unable to sleep at night, and that the use of said beer would produce rest and be nourishing and would build her up. This evidence, when tendered, was objected to by the state upon the ground that said witness was not shown to be qualified or capable of advising the wife of appellant as a physician, which objection was sustained by the court. From this bill, we are unable to persuade ourselves that this contention on the part of the state is correct. Art. 668 of the new Penal Code excepts the possession of intoxicating liquor for medicinal purposes from being a penal offense, and is as follows:

"It shall not be unlawful for any person to manufacture, sell, barter, exchange, transport, export, deliver, take orders for, furnish, possess or receive for the purpose of sale, barter, exchange, transport, export, or deliver spirituous, vinous, or malt liquors or medicated bitters for medicinal, mechanical, scientific, or sacramental purposes."

It will be observed from the article, supra, and the chapter covering this subject, that the law does not require the accused to show that he possessed intoxicating liquor or beer under the advice of a practicing physician, or under the advice of anyone else, in order to exempt him from the operation of the statute, where he has same for medicinal purposes. This contention is

also borne out by the opinion of this court in the case of Horak v. State, 255 S. W. 191. We think this testimony was clearly admissible, and that the state's objection went more to the weight than to the admissibility of the same, and that the learned trial court should have admitted same and let the jury pass on it in connection with his charge relative to said issue.

Bill of exceptions No. 11 complains of the action of the court in permitting the state, on cross-examination of appellant and over his objection, to ask him concerning a former trial involving a similar charge, as follows: "Well, you also tried to make the other jury believe it wasn't intoxicating, too, didn't you?" to which the appellant answered in the affirmative. Appellant's counsel objected to this testimony upon the ground that it called for an opinion and a conclusion of the witness, and was going into the details of his defense in another case. We are of the opinion that the contention of the appellant in this particular is well founded and that it is not permissible, under the facts of this case, for the state to go into the details of his defense upon trial of another and different case. Ware v. State, 36 Tex. Crim. Rep. 597; Stanley v. State, 62 Tex. Crim. Rep. 306.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.