C. R. TUBB, SR., V. THE STATE.

No. 11665.   Delivered April 11, 1928.

**1.—Sale of Intoxicating Liquor — Continuance — Materiality and Diligence Shown—Error to Refuse.**

Where, on a trial for the sale of intoxicating liquor, appellant requested a continuance on account of the absence of witness Alma Brunson, who had been subpoenaed, and was shown by a certificate of a physician to be unable to attend court on account of illness, and in his motion for a new trial appellant attached the affidavit of this witness to material and important facts, the motion was improperly denied.

**2.—Same—Continued.**

It is the rule that if diligence is shown, and the absent testimony appears to be material, and probably true, and is of such a character that a different result might be produced thereby on another trial, a new trial should be granted.   See White et al. v. State, 236 S. W. 745.

**3.—Same—Continued.**

The judicial discretion rests with the trial judge in determining on a motion for a new trial whether or not the absent testimony is probably true, in view of all the evidence heard on the trial.   However, if the absent witness makes affidavit that if present he would have sworn to the facts stated in the application for a continuance, and such affidavit is attached to the motion for a new trial, then the discretion of the trial judge to determine the probable truth of such testimony does not operate.   See Cruz v. State, 272 S. W. 486.

**4.—Same—Voir Dire Examination—Improperly Restricted.**

Where, on a trial for the sale of intoxicating liquor, it appears that appellant's son was tried under a similar charge by a part of the jury

presented to try appellant, it was error to refuse to permit appellant on his voir dire examination to ask the jurors who sat on the trial of his son if they had an opinion that appellant was selling whiskey at the same place where the state contended that the son had sold whiskey.

**5.—Same—Continued.**

The right to appear by counsel is guaranteed by the Bill of Rights and carries with it the right of counsel, within reasonable limits, to examine each juror individually in order that he may properly exercise the peremptory challenges allowed him by statute. See Art. 1, Sec. 10, Constitution of Texas; Holland v. State, 298 S. W. 898, and Plair v. State, 279 S. W. 267.

Appeal from the District Court of Coleman County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Baker & Baker* of Coleman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE. — The offense is selling intoxicating liquor, the punishment confinement in the penitentiary for three years.

The state's testimony was to the effect that appellant sold a pint of whiskey to Burke Weeks and Marcus West. Appellant ran a grocery store and filling station. Being approached by the witnesses with the request that he sell them whiskey appellant went into his store and came back with a paper sack in his hand which contained whiskey. The witnesses testified that the sale occurred about the first day of January, 1927.

Appellant denied that he sold any whiskey to the parties and asserted that he kept no whiskey in his place of business. His testimony was supported by that of his son who said he was present on the occasion of the alleged sale. It was further shown by the testimony of appellant that he, his son, Alma Rose Brunson, and her mother lived in the back end of the store, and that Alma Rose Brunson worked in the store and waited on customers.

Appellant complains of the action of the court in overruling his first application for a continuance. His motion for a new trial was based in part on the action of the court in overruling said application. It appears that appellant used due and sufficient diligence to secure the presence of the witness Alma Rose

Brunson, who had been duly served with process, and as shown by the certificate of a physician was unable on account of illness to attend court. Appellant alleged in his said application for a continuance that he expected to prove by the absent witness that she lived in his place of business at the time of the alleged sale and was familiar with all of the articles kept therein; that she knew of her own knowledge that appellant kept no whiskey there at that time. Attached to the motion for a new trial was the affidavit of the witness wherein she stated in substance that she lived in appellant's place of business, worked in the store and was familiar with the articles kept therein; that appellant kept no whiskey there during the time the alleged sale was made; and that he did not come into the store and secure whiskey on the occasion testified to by the state's witnesses.

The absent testimony was material and in our opinion, viewed in the light of the entire record, is of such character that it might have produced a different result had a new trial been granted.

It is the rule that if diligence is shown and the absent testimony appear material and probably true and is of such character as that a different result might be produced thereby on another trial, that the new trial should have been granted. White et al. v. State, 236 S. W. 745, and authorities cited.

The judicial discretion rests with the trial judge in determining, in passing on the motion for a new trial, whether or not the absent testimony is probably true in view of all the evidence heard during the trial. However, if the absent witness makes affidavit that if present he would have sworn to the facts stated in the application for a continuance, and such affidavits be attached to the motion for a new trial, then the discretion of the trial judge to determine the probable truth of such testimony does not operate. White v. State, supra; Cruz v. State, 272 S. W. 486. It follows that the discretion of determining the probable truth of the absent testimony did not operate in the instant case.

Bill of exception No. 2 presents the following occurrence: A part of the jury panel from which a jury was chosen had theretofore sat in the trial of C. R. Tubb, Jr., the son of appellant, the result of the trial being that appellant's son was convicted on a charge of selling intoxicating liquor to one J. E. Harris. On the trial of appellant's son the witness Harris testified that the whiskey which he purchased came from the place

of business C. R. Tubb, Sr., appellant herein. In the instant trial the state's testimony showed that the whiskey alleged to have been sold came from appellant's place of business. In interrogating the jury on their voire dire examination for the purpose of laying a proper predicate upon which to base peremptory challenges, appellant asked the entire panel if they had heard the testimony and argument in the case against his son, C. R. Tubb, Jr., tried on the day next preceding the instant trial. The District Attorney objected to the question on the ground that it was irrelevant and immaterial in that the charge against the son of appellant was a separate and distinct transaction. Appellant states in his bill of exception that he would have proven by the jurors who sat in the trial of his son that they had an opinion that C. R. Tubb, Sr., appellant herein, was selling whiskey at the same place where the state contended that his son had sold whiskey. He further states in his bill of exception that he expected to prove by the remainder of the panel that they heard the argument during the trial of his son and were of the opinion that whiskey was being sold in appellant's place of business. Appellant exhausted his peremptory challenges but was nevertheless forced to take objectionable jurors.

The question was proper. The learned trial judge fell into error. The right to appear by counsel is guaranteed by the Bill of Rights and carries with it the right of counsel, within reasonable limits, to examine each juror individually in order that he may prepare himself for the peremptory challenges allowed appellant by statute. Art. 1, Sec. 10, Constitution of Texas; Art. 3, C. C. P.; Holland v. State, 298 S. W. 898; Plair v. State, 279 S. W. 267.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.