## Rollin Kellar v. The State.

No. 11973.   Delivered November 21, 1928.

The opinion states the case.

*Baker & Baker* of Coleman for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years.

Operating under a search warrant officers searched the residence of appellant and found therein a quantity of intoxicating liquor, together with empty bottles, corks, etc.   Appellant admitted the presence of the whiskey, but claimed that he had bought same for his sick wife, who was suffering with flu and bronchitis.   His testimony in this respect was corroborated by his family physician who testified also that he had prescribed whiskey for the sick wife of appellant.   It was also shown by another physician that flu and bronchitis were benefited by taking whiskey as a medicine.

With this as an issue appellant made application for a continuance on account of the absence of Mrs. Troy Allen, who was absent on account of sickness, as was shown by a certificate of the physician attached to the motion. By her appellant alleged he could prove that the whiskey found by the officers was bought by appellant as medicine for his wife and that he had never sold or offered any for sale. It is further averred that this witness was an occupant of the residence on the day of and prior to its search. Her affidavit was attached to the motion for new trial, which showed that she would have testified as alleged by appellant in his application for a continuance and that her absence was due to sickness caused from a recent abortion.

Motion for continuance is addressed to the sound discretion of the Court and his action will not be revised unless it be made to clearly appear that such discretion has been abused. While ordinarily the trial court is the judge of the probable truth of the absent testimony, on motion for new trial in the light of the entire record the court has no discretion with reference to such matter when an affidavit is attached to such motion showing that the absent witness would have sworn to the facts stated in the application for a continuance. White v. State, 90 Tex. Crim. Rep. 584; Cruz v. State, 100 Tex. Crim. Rep. 188; Tubb v. State, 5 S. W. (2nd) 150. The absent testimony in this case was material and was of such a character as that its presence might produce a different result on another trial and its probable truth affirmatively appearing by affidavit attached to motion for new trial, we are forced to the conclusion that the trial court's action was erroneous in overruling appellant's motion for new trial.

Judgment reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.