## W. A. ADAMS v. THE STATE.

No. 12061.    Delivered December 19, 1928.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The State's testimony showed that officers were hidden on an old road leading off from the highway between Beckville and Marshall, Texas, and that on the occasion in question appellant, accompanied by his wife and one Lee York, in a car left the highway and drove twenty-five or thirty-five steps along the by-road mentioned to a point where appellant got out of the car and walked on down toward where the officers were secreted. When he got about even with the officers they stopped him and found he had a jug of whisky in his hand. The officers took charge of the whisky. One of them referred to it as a gallon of whisky, but another spoke of it as a five gallon jug, lacking a little of being full. One of the officers testified that he knew appellant got that whisky out of the car he was in. Another witness testified that appellant, Lee York, and appellant's wife and two daughters were in the car. Two of the State witnesses testified that they saw the jug of whisky taken from the car by

appellant, and that he carried it down to the point where they arrested him. Another witness testified that appellant was out of the car on the ground and had the whisky in his hand when he first saw him. The defensive theory seems to be, as we gather from appellant's testimony, that he stopped the car at the place on the road mentioned and got out of it and went to the point where he picked up the jug of whisky without any previous knowledge on his part that it was there. He testified that when he picked it up he did not know what was in the jug. Asked in reference to a conversation had by him with the officers regarding it, he denied having had same. In its rebuttal the State put on a witness who said that in a conversation had with appellant at the place where he was arrested, appellant told him that he got that gallon of whisky in Harrison county, and that later he said that he found it "down the highway."

There are three bills of exception in the record. Bill No. 1 was taken to the overruling of an application for continuance based on the absence of a witness named Matthews by whom appellant expected to prove that Matthews intended to go with him in his car to a dance on the night in question, and that Matthews would testify that he came to the car of appellant before the latter left to go to the dance and had opportunity to see the interior of the car, and there was no jug of whisky in it; also that after appellant got to the dance said Matthews, who had gone there in another car, came to appellant's car and again had opportunity to see inside the car, and would testify that he saw no jug of whisky therein. The affidavit of this witness was appended to the motion for new trial. Examining same we observe that the affiant swore that there was no whisky in appellant's car at the time they left to go to said dance; that after getting to the dance affiant saw appellant and the other parties in their car "in front of Willard Hayes' store and again had occasion to see in the car. There was not a container in the car large enough to be a gallon jug or jar of whisky." We are of opinion that the record is entirely devoid of any showing of diligence of any kind to get this witness. The indictment herein was returned September 30, 1927, and a subpoena for him was issued on October 17th thereafter, which was returned October 19th of the same year showing that witness was out of the county. No process seems to have been issued for this witness until April 6, 1928, which subpoena was returned April 9th showing that witness could not be found. The case was tried April 12th and the motion for new trial was filed the same day and the affidavit of said witness who was alleged to be out

of the county and his whereabouts unknown and that he could not be found, was attached to the motion. It is shown by the qualification of the bill that the trial term of court below began March 26th and that the criminal docket was then set for April 9th. Clearly the failure to procure process for this witness until April 6th, or three days before the date for which the criminal docket was called for trial, was not diligence. In addition to this, we also observe that the testimony of the absent witness could be taken as absolutely true and same would not appear to be of that materiality which would likely affect the verdict. Appellant and his party were in their car in front of a store at the scene of the dance when said car was seen by the said absent witness. It would be perfectly easy apparently for appellant to have gone to other places and to have gotten the jug of whisky which was found in his possession by the officers, or he might have done as he told them at the time, found it on the highway between the point where said absent witness 'saw his car and the point where he was apprehended in possession of it. We think no error is shown in this bill of exceptions.

Bill No. 2 sets out the various exceptions to the court's charge. We have examined each ground of such exceptions and are of opinion that none of them possess merit. The indictment in this case contained two counts, one charging the unlawful possession for the purpose of sale, and the other the unlawful transportation of intoxicating liquor. Both were submitted to the jury with appropriate instructions under which appellant was found guilty of the unlawful possession of intoxicating liquor.

Bill No. 3 was taken to the remarks of the county attorney. We have examined and considered same. While not approving the statement of the county attorney that he had seen and heard boys come before the grand jury and testify that they found whisky they were charged with having,—we do not regard same of that obviously and necessarily hurtful character as should call for a reversal of this case. The remarks were withdrawn by the court at the time and the jury were instructed not to consider same. Appellant was given the lowest penalty in what appears to be a plain case of a violation of the law.

The judgment will be affirmed.

*Affirmed.*