Lum Scott v. The State.

No. 12758.   Delivered November 20, 1929.

The opinion states the case.

*Guinn & Guinn* of Rusk, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, two years in the penitentiary.

Appellant with two male and two female companions visited another county some forty to fifty miles distant from his own and went to the home of one Robert Tate, arriving about twelve o'clock at night. They rode in appellant's car. It is shown that he directed in part the movements of the car and route to be traversed on the road over; that he had stated prior to his departure that he was going after whiskey; that arriving at Tate's, some of the parties, including appellant, drank whiskey; that Tate threw in the car of appellant a grass sack containing something. This sack with whatever it contained was transported back to and partly through the county of the prosecution. The State was never able to show by direct testimony what was in this grass sack. They left this place about two A. M. and arrived back home something like four A. M. On the road the parties stopped and appellant and another took a drink of whiskey out of a glass jar at the back end of the car. It was not positively shown that this whiskey came from the car or was carried back to the car. It is further shown that appellant hid the grass sack with its contents just before his arrival home. His companions drove the car home, he being in the back seat.

It is insisted that the evidence is insufficient. The Court recognized that it was a case of circumstantial evidence and charged upon this issue. We think the circumstances were sufficiently cogent to support the conclusion that appellant joined with others in the unlawful enterprise of knowingly transporting intoxicating liquor.

This also disposes of appellant's contention that the Court erred in charging upon the law of principals.

There are two questions presented, both of which we think show reversible error. They relate to subjects about which much has been written and the rules governing which have been so ofttimes stated that it seems unnecessary for us to here again go into any extended discussion of same.

It is shown that this case was originally set for the 16th day of January, 1929, at which time Robert Tate, to whose home the parties had journeyed on the night in question, was present as a witness

under proper process. The trial was postponed at the instance of the State from the 16th day of January until the 18th day of February, 1929, when it was called for trial and at which time the witness Robert Tate is shown to have been absent, though under process. An attachment was issued for him but is not shown to have been served. Appellant made application for a continuance for this witness, alleging that he could prove by him that at the time in question that no whiskey or intoxicating liquor was sold, given or received by any of the parties or to any of the parties while there by Tate or anyone else as far as witness saw. That witness would testify that he did not sell appellant whiskey or intoxicating liquor and that appellant did not get any whiskey or intoxicating liquor while in his house. On motion for new trial his affidavit was attached thereto, in which he makes affidavit that he would testify to these facts and that he never put any grass sack in appellant's car.

Ordinarily the trial court is the judge of the probable truth of absent testimony but such is not the rule when an affidavit is attached to the motion for new trial showing that the witness would testify as set out in the motion for continuance. Kellar v. State, 11 S. W. (2nd) 512; White v. State, 90 Tex. Crim. Rep. 584; Tubb v. State, 5 S. W. (2nd) 150. That the absent testimony was highly material is apparent and that the verdict may have been different had he been present and testified is likewise so.

It is shown by Bill of Exception No. 15 that while the County Attorney was making his closing argument to the jury, he made use of the following language:

"I want to tell you that during the past this county has been soaked in liquor and in the liquor 'traffic and that something must be done to stop it. I am not going to allow it while I am County Attorney and if it continues in the future as it has been in the past, I will resign my office and resume private practice. If you are going to turn this defendant free and if you are going to allow men to transport liquor in this county, and if you let the defendant go in this case, you may as well tear down your courthouse and take the bricks off one at a time and run a plow share through the ground upon which this courthouse now stands and grow crops here, and do away with your courthouses and your juries."

The Court's refusal to instruct the jury not to consider this is properly brought forward by bill of exception. Similar arguments have been many times condemned. Weige v. State, 81 Tex. Crim. Rep. 476; Deshazo v. State, 262 S. W. 764; Gusters v. State, 87

Tex. Crim. Rep. 181; Murmutt v. State, 67 S. W. 508; Cannon v. State, 84 Tex. ,Crim. Rep. 479; and Sanderson v. State, 3 S. W. (2d) 453, where many authorities are collated on the subject of improper arguments. The case of Coats v. State, reported in 265 S. W., p. 891, apparently relied on by the State to sustain this argument, distinguishes itself from the instant case. In the Coats case no statement of facts accompanied the record and it was therefore not possible to appraise the argument. Arguments must necessarily be measured in the light of the record and penalty assessed. Such facts might exist in the record as would render an improper argument harmless or the penalty might be such as to clearly show that the jury were not unduly influenced thereby. Then again in the Coats case, supra, no new fact was stated by the prosecuting attorney. In this case the jury were informed that the county had been "soaked in liquor and in the liquor traffic." This was entirely outside the record. No such fact was proven or could be properly proven, and is the harmful part of the quoted statement.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.