## B. F. Cox v. The State.

No. 13383.   Delivered June 4, 1930.
Rehearing denied June 26, 1930.
Reported in 29 S. W. (2d) 346.

The opinion states the case.

*R. L. Graves,* of Brownfield, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The sale was alleged to have been made to one Roach who testified that about April 1, 1928 he bought from appellant a pint of whisky and paid him $2.50 for it.  Appellant denied the sale and proved by two or three witnesses his good reputation.

Bill of exception number one reflects that during the selection of the jury counsel for appellant asked a prospective juror: (1) if he belonged "to any organization for the promotion of prohibition," and (2d) if he donated money "to any such organization."  From the court's qualification it appears that the juror answered that he did not belong to any organization for the promotion of prohibition, but over objection from the district attorney he was not permitted to answer the second question.  The bill does not show what his answer would have been.  The court certifies in his qualification that appellant made no claim of being forced to exhaust his challenges or having to accept any objectionable juror.  This bill is fur-

ther defective in not showing what became of the juror being questioned. So far as the bill shows he may have been accepted by appellant. Some distinction has been made as to who will be regarded as an objectionable juror, depending on whether the question is the exercise of peremptory challenge, or the right to challenge for cause. Kerley v. State, 89 Tex. Cr. R. 199, 230 S. W. 163; Tubb v. State, 5 S. W. (2d) 152. However, we are aware of no case where a reversal has been predicated on so meager a bill as that here relied on. In Kerley's case it was shown that appellant was compelled to take three jurors whom he would have challenged peremptorily but for the error of the court in denying him the number of. challenges he was entitled to. ' In Tubb's case it is stated that "appellant exhausted his peremptory challenges, but was nevertheless forced to take objectionable jurors." The bill is thought not to present error calling for reversal. Willis v. State, 91 Tex. Cr. R. 329, 239 S. W. 212; Johnson v. State, 108 Tex. Cr. R. 499, 1 S. W. (2d) 896; Grille v. State, 20 S. W. (2d) 424.

Appellant complains (bill number two) because the court refused to give a requested charge defining "sale." Assuming that the requested charge was correct in form the necessity for it in the present case is not perceived.

"If the undisputed proof shows that the transaction, if it occurred at all, was a sale, it is not error to refuse to define the term sale, but where the transfer of whisky is made in such a manner as that it becomes a question as to whether it was a sale, then it is necessary for the court to define that term. Stephens v. State, 50 Texas Crim. Rep. 251, 96 S. W. Rep. 7; Trinkle v. State, 60 Texas Crim. Rep., 187, 131 S. W. Rep. 583."

Bramblett v. State, 94 Tex. Cr. R. 250, 250 S. W. 428.

The requested charge brought forward in bill number three was sufficiently covered in the main charge, hence its refusal was correct.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In an earnest and courteous motion appellant insists that we erred in overruling his bill of exception complaining that he was not allowed to ask certain questions of each individual juror. He insists that the record shows that he did exhaust his peremptory challenges. We have again carefully scrutinized same, but fail to find anything therein verifying his con-

tention. Without reviewing the cases cited in appellant's motion, we think the authorities not applicable. Because of the defective bills of exception in this case, we did not get to the contentions embraced and discussed in the authorities.

The motion for rehearing will be overruled.

*Overruled.*