## S. W. NELSON v. THE STATE.

No. 13656. Delivered November 26, 1930.
Rehearing Denied February 11, 1931.

The opinion states the case.

*Reynolds & Heare,* of Shamrock, and *J. Everett Cline,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

Prosecuting witness Conway testified to the unconditional sale to himself by appellant of one quart of whisky, for which he paid him $2.50. He was corroborated by another witness.

The chief contention made on this appeal is the alleged error of the court in failing to define the term "sale." As already indicated, the testimony for the State showed an absolute sale. Appellant testified that he was standing near when the prosecuting witness asked for whisky for medicinal purposes and that he then said:

"I told him that he couldn't buy it but if he would come in the house I would let him have what I had, if it would do him any good. There was nothing said about the price of it or paying for it, or borrowing it or paying it back or anything of that kind, but it was in my mind that he would replace the whisky."

We do not think that the quoted testimony called for any charge of the character suggested. The testimony for the State made out a sale and that for the appellant showed a gift of the whisky. There was not in our opinion any suggestion of barter or exchange or any character of transaction other than either a straight sale or gift of the whisky in question. Under such circumstances it was not necessary to define the term "sale." Asher v. State, 102 Texas Crim. Rep., 162, 277 S. W., 1099; Stephens v. State, 50 Texas Crim. Rep., 251, 96 S. W., 7; Young v. State, 92 Texas Crim. Rep., 277, 243 S. W., 472.

Special Charge No. 6 requested the court to submit the issue of the transaction being only a gift, which was apparently appellant's theory of the case. The court refused to give this charge but his action was not excepted to and in the absence of such the question cannot be reviewed. Linder v. State, 94 Texas Crim. Rep., 317, 250 S. W., 703.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only complaint made in appellant's motion for rehearing is that the court erred in failing to give his special requested charge, in effect, that if the jury believed from the evidence that the appellant gave the whisky in question to the witness Conway, and that Conway did not pay for the same, or if they had a reasonable doubt thereof, they should acquit the appellant. Looking to the exceptions reserved to the court's charge we note that it is stated that the defendant excepts to the court's main charge for the reason that nowhere therein is the defendant's affirmative theory of defense adequately presented, and that the defendant in this connection requested that the court give defendant's special requested instruction No. 7. There was no excep-

tion to the charge because it did not submit to the jury any affirmative defense based on the proposition of a gift by appellant to the prosecuting witness, of the whisky in question. In our original opinion we assigned as a reason for not holding erroneous the refusal of the trial court to give special charge No. 6, that there was no exception taken in the court below to the refusal of this special charge, and that hence such refusal could not be considered by us. We see no reason for believing that the matter was incorrectly decided. This court has uniformly declined to consider matters of procedure such as this in the absence of an exception, which must appear either by notation upon the refused special charge, or by a separate bill of exception. It is not contended that an exception to the refusal of said special charge is before us in either form.

The motion for rehearing will be overruled.

*Overruled.*