## H. S. Brannan v. The State.

No. 15454. Delivered December 14, 1932.
Reported in 55 S. W. (2d) 102.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Officers went to the home of appellant for the purpose of executing a warrant of arrest. Appellant invited them to enter the house. While the parties were engaged in conversation, one of the officers, according to his testimony, observed appellant's wife in the kitchen, and saw appellant look at her and nod. At this juncture, appellant's wife picked up a fruit jar and threw it through the window. Going to the kitchen, the officers discovered four broken half-gallon fruit jars. Approximately two gallons of whisky was running on the floor. There was testimony on the part of the state that some time prior to the search appellant had sold whisky to a Mexican. Appellant testified that physicians had advised his wife to use whisky as a medicine. In this appellant was corroborated by two physicians. Further, appellant testified that he had from time to time bought whisky for his wife; that some four or five days prior to the search he had some whisky in the house for his wife's use; that he did not know that there was any whisky in the house at the time the officers made the search. Appellant declared that he had been advised by his wife's uncle, Mack Elliott, that he (Elliott) had placed the whisky in the kitchen,

in order to replace some of the medicinal whisky he (Elliott) had borrowed from appellant's wife. It appears to have been uncontroverted that appellant's wife had been in bad health for several years and had been under the care and observation of physicians. Appellant expressly denied that he possessed any whisky for the purpose of sale.

Appellant's first application for a continuance was predicated upon the absence of his wife, who was unable to be present in court at the time of the trial on account of the fact that she was pregnant and threatened with miscarriage. The fact of illness and inability to attend court was supported by proper certificates on the part of attending physicians, and no contention was made on the part of the state that the diligence was not sufficient. The indictment was returned on January 5, 1932, and the trial held at the same term of court on January 26, 1932. The witness was under process. It was alleged in the application for continuance, in substance, that the witness would testify that the whisky discovered by the officers was being used by her for medicinal purposes, and not for sale; that she was in bad health and physicians had advised her to use whisky as a medicine; that she knew of her own knowledge that the whisky found by the officers was not posssessed by appellant for the purpose of sale. In an effort to defeat the granting of the application, the district attorney made the following statement to the court: "The state agrees that a practicing physician had, prior to the date alleged in the indictment, prescribed whisky as a medicine for the witness, Mrs. Henry Brannan, and that she was taking whisky as a medicine at the date of the alleged offense. We admit this as a fact." This admission went to the jury. Attached to the motion for new trial is the affidavit of the witness in which it is shown that she would have testified as alleged by appellant in his application.

It is obvious that the admission by the district attorney did not embrace all of the facts proposed to be proved by the absent witness. Not only would the witness have testified, as heretofore pointed out, that a practicing physician had prescribed whisky for her, but also that the whisky the officers found in the house was used by her for medicinal purposes, and not possessed by appellant for the purpose of sale. It is only when state's counsel admits that the facts proposed to be proved by the absent witness are true, and such facts go to the jury as evidence in the case, that the court is warranted in denying the continuance. Branch's Annotated Penal Code, sec. 325; Phipps v. State, 36 Texas Crim. Rep., 216, 36 S. W., 753.

It is clear that the absent testimony was material. The charge of the court was expressly predicated upon the possession by appellant of the whisky found by the officers in appellant's kitchen. The separate and distinct transaction involving the alleged sale to the Mexican was not submitted. It is the rule that if diligence is shown and the absent testimony appears material and probably true, and is of such character as that a different result might be produced thereby on another trial, that the new trial should be granted. Tubb v. State, 109 Texas Crim. Rep., 455, 5 S. W. (2d) 152, and authorities cited. The judicial discretion rests with the trial judge in determining, in passing on the motion for a new trial, whether or not the absent testimony is probably true in view of all the evidence heard during the trial. However, if the absent witness makes affidavit that, if present, he would have sworn to the facts stated in the application for continuance, and such affidavit be attached to the motion for a new trial, then the discretion of the trial judge to determine the probable truth of such testimony does not operate. Tubb v. State, supra; Kellar v. State, 111 Texas Crim. Rep., 75, 11 S. W. (2d) 512. In the light of the record, we are unable to reach the conclusion that the trial court was not in error in overruling appellant's motion for a new trial. Tubb v. State, supra; Kellar v. State, supra.

Bill of exception No. 2 recites that appellant offered to prove by a named pharmacist that he had talked to appellant about the physical condition of his wife, and advised him that whisky would be good for her. The district attorney objected because the witness was not a physician. The objection was sustained by the court. The qualification appended to the bill of exception was properly excepted to by appellant and can not be considered. As presented in the bill of exception, the matter presents error. This court has expressly held that, notwithstanding a witness is not shown to be qualified to give advice as a physician, he should be permitted to give testimony of the character under consideration here. Floyd v. State, 104 Texas Crim. Rep., 1, 282 S. W., 218.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.