BILLY JACKSON V. THE STATE.

No. 15589.   Delivered February 8, 1933.
Reported in 57 S. W. (2d) 122.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, selling intoxicating liquor; the punishment, eighteen months in the penitentiary.

The purchaser, Vernon Hensley, testified that he was 17 years of age and went to the high school at Melvin; that he was in the town of Brady on the 19th day of April, 1932, and he and three other boys drove out to where appellant lived on the Mason road and he went into the house and the appellant sold him a half gallon of whisky, for which he paid $3; that he gave the money to appellant and she handed him the whisky; that it was about dark at the time they went there and he alone went into the house to buy the whisky.   As to going to a place on the Mason road and buying liquor, he was corroborated by another witness who testified that he did not know from whom the said Vernon Hensley purchased said liquor but that he went into a house and came out with the whisky.

The appellant did not testify, but her sister, Mrs. May Octeberg, testified that she had lived with the appellant on the Mason road about a mile south of Brady; that she was present at appellant's house on the 19th day of April, 1932; that she knew the witness Vernon Hensley, and she, the witness, sold said Vernon Hensley a quart of whisky on the 19th day of April, 1932, and got $2.50 for the quart. She further testified that she was frequently taken for her sister, Billy Jackson, the appellant.

By proper bill of exception, appellant complains of the refusal of the trial court to grant her a new trial because of the overruling of her first application for a continuance. It was alleged in the application for continuance in substance that the indictment under which appellant was tried was returned into court on the 27th day of April, 1932. Defendant was arrested by the sheriff of McCulloch county on the 30th day of April, 1932; that on the second day of May, 1932, appellant made an application for a witness by the name of Jess Posey, who resided in Brady, McCulloch county, Texas, returnable on the 4th day of May, on which date it was understood that the entire criminal docket was set for trial; that on said 4th day of May, 1932, the subpoena was returned into court by the sheriff, showing that the same was not executed and the said Jess Posey could not be located within the county; that immediately thereafter a second subpoena for said witness was issued by the appellant and placed in the hands of the sheriff with the instructions to subpoena said witness instanta to appear before said court and testify. The return on the second subpoena showed that said witness could not be found in McCulloch county. The application further showed that, if the said Jess Posey was present in court, he would testify that he was present in the residence of the appellant on the 19th day of April, 1932, the date on which said sale was alleged to have occurred at night, and he heard a conversation by and between the appellant and the witness Vernon Hensley in which Vernon Hensley asked the appellant if she would sell him some whisky and was informed by the appellant that she had no whisky for sale; that at the time of the conversation there was an automobile stopped just outside of the house with other boys in it whom the witness did not know; that upon Vernon Hensley being informed by the appellant that she had no whisky to sell him, he returned to his car and drove off; that he would further testify that he had been to appellant's house for more than two hours prior to the time the said Hensley tried to buy whisky

and remained there a considerable time after the said Hensley had been refused said whisky, and he knew this appellant did not sell any whisky to the said Witness Hensley; that he would further testify that the appellant had two sisters who were frequently taken for her and often one or more of them lived with her; that the said sisters favored the appellant considerably and were often confused with the appellant; that if any whisky was purchased at the appellant's residence on or about the date alleged in said indictment, that it was a purchase from one of the aforesaid sisters and not from this appellant; that while he was at said house he asked the appellant for a drink of whisky and was informed that she had none. The bill further shows that the court overruled said application and the said Posey did not appear and testify in said trial.

Attached to appellant's motion for new trial was the affidavit of the said Jess Posey, which was to the effect that if present he would have sworn to the facts stated in the application for a continuance. The affidavit also showed that the witness had left Brady a couple of weeks before the trial for the purpose of looking for work.

It is clear that the witness' testimony was material. The charge of the court was especially predicated upon the alleged sale on the 19th day of April, 1932, and the issue submitted to the jury was whether or not the appellant did on the 19th day of April, 1932, sell to the witness Vernon Hensley about half a gallon of whisky. It is the rule that, if diligence is shown, and the absent testimony appears material, and probably true, and is of such a character as that a different result might be produced thereby on another trial, the new trial should be granted. Tubbs v. State, 109 Texas Crim. Rep., 455, 5 S. W. (2d) 152, and authorities cited. Ordinarily, the judicial discretion rests with the trial judge in determining, in passing upon the motion for new trial, whether or not the absent testimony is probably true in view of all the evidence heard during the trial. However, if the absent witness makes affidavit that if present he would have sworn to the facts stated in the application for continuance and such affidavit be attached to the motion for new trial, then the discretion of the trial judge to determine the probable truth of such testimony does not operate. Tubbs, supra; Kellar v. State, 111 Texas Crim. Rep., 75, 11 S. W. (2d) 512.

After an examination of all the testimony heard upon the trial, we are confirmed in our view that the testimony of the absent witness Posey would be material to appellant's defense

and was of such a character as that its presence might produce a different result on another trial and its probable truth affirmatively appearing by affidavit of the absent witness attached to appellant's motion for new trial, we are forced to the conclusion that the trial court's action was erroneous in overruling appellant's motion for new trial.

Bills of exception 4 and 5 complain of the argument of the district attorney. Inasmuch as this case will have to be reversed upon another ground and said argument is not likely to occur on another trial, we pretermit discussion of same.

Because of the failure of the trial judge to grant appellant's first application for a continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.