## JACK COTHRAN V. THE STATE.

No. 19869. Delivered November 9, 1938.
State's Motion for Rehearing Denied January 25, 1939.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale intoxicating liquor in dry territory, punishment being assessed at a fine of $250.00 and imprisonment in the county jail for six months.

The particular charge against appellant was that he possessed for sale in San Saba County "intoxicating liquor, to-wit: four bottles of beer, commonly called 3.2 beer, said liquor containing alcohol in excess of 1/2 of one per centum by volume." It was alleged and proven that San Saba County was "dry area."

Appellant did not testify, and offered no witnesses. The State used only two witnesses upon the issue whether appellant possessed the beer for the purpose of sale.

Gene Taylor testified as follows:

"I know Jack Cothran and his wife. * * * I was in their said home on the 7th day of October, and I went there looking for some hands to pick cotton. He said that he would pick cotton for me and trade for a car. I did not go there for any other purpose. I was there about three o'clock in the afternoon and when I arrived I saw Ed Whitman and George Moore and that was all that was there outside of the family. Mr. Cothran and his wife were there and before I left Charlie Carroll, Sam Riggs, John Lee, Paul Benham and Sherman Hill came. I remained there two or three hours and drank six or eight bottles of beer, in fact, all of us drank beer. That was at the home of Jack Cothran. All that I remember about the money proposition is Ed Whitman, George Moore and myself were there and we drank three or four bottles apiece of beer. Ed was guying George about who was going to pay for the beer and George took it awful serious, because he hadn't been around very much. I think Mr. Cothran was there when this conversation took place. I just walked up and pulled out fifty, or seventy-five cents or maybe a dollar and pitched it on the table and said that I would

do that much on it, and I don't know just how much it was, fifty or seventy-five cents. Ed was guying George about this."

George Moore testified as follows:

"Jack Cothran and his wife were living together as a family on the 7th day of October, last month, and I had an occasion to be at their home. It was around two or three o'clock in the evening when I went to their home and Mr. Ed. Whitman went with me. We went to their home to get a bottle of beer. I went up there with Ed Whitman. I think Charlie Carroll was there but I don't know whether Jack Cothran was there, but I think he was. He came in sometime after we were there. I drank a bottle or two of beer while I was there; Gene Taylor and Charlie Carroll also drank some beer. I went up there with Ed Whitman and he drank some beer and before we left Sam Riggs came in. I did not see Mr. Hill or Paul Benham drink any beer; they were not there at that time. I stayed there awhile and then left. The beer that I drank didn't make me drunk, but I felt it a little. I don't remember paying for any of the beer. I don't know who paid for the beer. Mr. Taylor might have paid for it. I don't remember seeing anyone put any money on the table. I testified before the grand jury the last term of October that I was at the home of the defendant Jack Cothran with Gene Taylor and Ed Whitman and Mrs. Nellie Cothran served us some beer. I did not pay for any of the beer, but drank some of it. I think I testified about this. If I did testify, it was true. I did not say and did not swear as I remember before the grand jury that Ed Whitman paid for the beer. I don't know who paid for it."

Under the foregoing state of facts it is appellant's contention that he was entitled to an instruction defining "sale" and also a charge on circumstantial evidence. He preserved the points by exceptions to the court's charge and by requesting special charges on the subjects. It occurs to us that appellant is right on both propositions.

While proof of actual sale is not necessary to conviction for possessing for the purpose of sale (See Richmond v. State, 96 Tex. Cr. R. 596, 258 S. W. 816) yet it is apparent that the State was relying on the incident related by the witness Taylor as showing a sale. We note that the evidence does not show what became of the money which Taylor testified that he threw on the table. It is not shown whether appellant or anyone else picked it up, or whether it remained on the table when Taylor left the house. The rule seems to be that when the undisputed proof shows that the transaction was a sale it is not error to

refuse to define the term "sale" but where the transaction is such as to leave it questionable whether it was a sale, then it is necessary for the court to define the term. See Branch's Ann. Tex. P. C., pages 706 and 707, and cases there cited; also Stephens v. State, 50 Tex. Cr. R. 251, 96 S. W. 7; Trinkle v. State, 60 Tex. Cr. R. 187; 131 S. W. 583; Bramblett v. State, 94 Tex. Cr. R. 250, 250, S. W. 428. If appellant had been on trial charged with selling beer to Taylor the rule stated would have ·been applicable under the facts proven, and the incident related by Taylor being one of the circumstances relied on by the State, we think the rule also has application.

That appellant was also entitled to a charge on circumstantial evidence we think becomes apparent by a review of the State's testimony heretofore set out. Subdivision b of Section 25. Art 667, Vernon's Tex. Statutes, 1938 Supp., provides:

"Possession by any person in any dry area of beer in any quantity exceeding twenty-four (24) bottles having a capacity of twelve (12) ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area."

The trial court realized that the evidence did not authorize a charge of the prima facie feature arising from possession of more than 24 bottles of beer and required the jury to find as a fact that the four bottles of beer described in the indictment were possessed for the purpose of sale. Whether it was so possessed was a question for the jury's determination based on proof of all the circumstances appearing in the State's testimony, therefore, a charge on circumstantial evidence should have been given upon appellant's request therefor. If the evidence had raised the issue of the possession of more than 24 bottles and the court had charged on the prima facie feature thereof a charge on circumstantial evidence would not have been necessary. Terry v. State, 101 Tex. Cr. R. 267, 275 S. W. 837; Fromm v. State, 118 Tex. Cr. R. 265, 39 S. W. (2d) 67.

Appellant requested the court to give the following special charge.

"In this connection you are charged that when one is charged with the offense of possessing beer for the purpose of sale the possession by the defendant of more than 24 bottles of beer; that is possession by any person in any dry area of beer in any quantity exceeding 24 bottles having a capacity of 12 ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area. Now, if you believe beyond a reasonable doubt that the defendant did possess more than 24 bottles of

beer at the time and place testified to by the witnesses in said cause and that he did possess this for the purpose of sale you will convict the defendant but if you have a reasonable doubt as to whether he did or did not possess more than 24 bottles of beer under the evidence you will acquit the defendant and say by your verdict not guilty."

Even if the evidence had warranted a charge upon the prima facie rule arising from the possession of more than 24 bottles of beer, the charge requested was erroneous in seeking to have the jury told that if they had a reasonable doubt as to whether appellant possessed more than 24 bottles of beer to acquit. A person might have many less than 24 bottles of beer and yet possess what he did have for the purpose of sale, and be subject to conviction upon proof of such purpose and possession.

For the reasons given the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—The state, by its' county attorney, has filed a motion for a rehearing, contending that this court erred in holding that appellant was entitled to an instruction upon the law of circumstantial evidence, and to an instruction on what constituted a sale. In view of the state's vigorous motion, we have again reviewed the record with much care, but remain of the opinion that the case was properly disposed of on original submission.

The state's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.