### ERNEST MANSIL GLOSSUP v. THE STATE.

No. 22460. Delivered March 31, 1943.

The opinion states the case.

*Earl Shelton*, of Austin, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant and Frank Hill were jointly indicted for the theft of an automobile and this appellant, upon his trial, was given a sentence of two years in the penitentiary.

Hill and his wife had planned during the day to steal an automobile for the purpose of going to some other place to seek work. They came in contact with Glossup, who seems to have been associated with them intimately, and together the three found a Plymouth car in the possession of Mrs. J. B. Williams at 2209 Nueces Street in the City of Austin. This was sometime before midnight. After several minutes they succeeded in wiring around the switch so as to start the car. They then went to Glossup's sister's home to get his wife and the four entered the car with their luggage for the purpose of visiting some relatives of one of the parties in Milam County. The theft of the car was reported to officers and through their efforts a policeman at Taylor discovered the parties passing through, and after firing some shots, disabled the car, whereupon the occupants fled from it and made their escape. In the car were found personal belongings of appellant and his wife, including their marriage license and ration cards. The story of their arrest is not given in detail, nor is it pertinent to any issue in the case.

Appellant offered evidence of an alibi, which, if believed by the jury, would have exonerated him from any participation in the theft of the automobile, though he was unquestionably one of the occupants thereof at the time the car was passing through Taylor. Hill's wife testified in the case, giving details of the theft and involved Glossup as a party principal.

The two witnesses testifying to an alibi for the appellant were his sister and her husband. In his closing argument State's counsel referred to the fact that neither of these two witnesses, who had known him all his life, made any reference to the good reputation of the accused. He had not testified in his own behalf and had not placed his reputation in issue. This argument was improper. However, the only defensive issue in the case submitted to the jury was that of alibi. The proof of his guilt was overwhelming. See Scott v. State, 21 S. W. (2d) 1041. It appears that this argument was immaterial to any issue in the case and that the jury did not consider it in assessing only a two year penalty. See Adams v. State, 11 S. W. (2d) 796. We are unable to conceive the possibility that harm resulted to the appellant in view of the record in this particular case.

The judgment of the trial court is affirmed.